## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HEINZ RETZLAFF, KENNETH BRYSON : 
and RICHARD CALDWELL, :
  :
               Plaintiffs, :
  :
     v. :     C. A. No. 10-370-MPT
  :
HORACE MANN INSURANCE, :
  :
               Defendant. :

## MEMORANDUM ORDER

### I. INTRODUCTION

In this case, the court now considers defendant Horace Mann Insurance's

("Horace Mann") motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) and 12(b)(7),

and, in the alternative, its motion for a more definitive statement, under FED. R. CIV. P.

12(e).[1]  The parties completed briefing on these issues on July 22, 2010.[2]  For the

reasons stated below, the motions are denied.

### II. BACKGROUND

On March 25, 2010, plaintiffs Heinz Retzlaff, Kenneth Bryson, and Richard

Caldwell ("Plaintiffs"), filed a complaint in the Superior Court of the State of Delaware in

and for Kent County.[3]  Subsequently, Horace Mann removed the action to the United

States District Court for the District of Delaware.[4]  Plaintiffs seek declaratory judgment

---

[1] D.I. 4.
[2] D.I. 9.
[3] D.I. 1 Ex. 3 at 1.
[4] D.I. 1.

of liability insurance coverage in the form of defense and indemnification.[5]

This case stems from three separate civil actions filed against each plaintiff for purported sexual abuse of their minor students in the 1960's and 1970's.[6]  During this time period, plaintiffs were teachers and members in good standing of the Delaware State Education Association ("DSEA").[7]  Plaintiffs assert that Horace Mann issued professional insurance policies for DSEA and its members and all premiums were paid, qualifying them as insured parties entitled to defense and indemnification in the underlying actions.[8]  The specific policies in question are not attached to the complaint because they are not readily available to plaintiffs.[9]  Plaintiffs, however, through cooperation with DSEA, were able to locate DSEA board meeting minutes recorded throughout the relevant time period.  Those documents reveal Horace Mann as the insurance provider for professional liability coverage and the policies were discussed during each meeting.[10]

On May 26, 2010, Horace Mann moved to dismiss for failure to state a claim upon which relief can be granted, failure to join a necessary party, and, in the alternative, for a more definitive statement.[11]

---

[5] D.I. 1 Ex. 3 at 3.
[6] D.I. 1 Ex. 3 at 2.
[7] D.I. 1 Ex. 3 at 1.  The complaint erroneously refers to DSEA as "Delaware Secondary Education Association."  The correct name of the organization is "Delaware State Education Association" as found on the website:  www.dsea.org.  Although both organization names are referenced in the documents submitted by each party, the abbreviation DSEA means "Delaware State Education Association."
[8] D.I. 1 Ex. 3 at 2-4.
[9] *See* D.I. 1 Ex. 3; *see also* D.I. 7 at 4.
[10] D.I. 7 Ex. A-G.
[11] D.I. 4.

## III. DISCUSSION

### A. Standards of Review

*1. Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted - Declaratory Judgment*

FED. R. CIV. P. 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint, not to resolve disputed facts or decide the merits of the case.[12]  "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[13]  A motion to dismiss may be granted only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[14]  While the court draws all reasonable factual inferences in the light most favorable to a plaintiff, it rejects unsupported allegations, "bald assertions," and "legal conclusions."[15]

---

[12] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[13] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").

[14] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (citing *In re Burlington*, 114 F.3d at 1420).

[15] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *see also Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (rejecting "unsupported conclusions and unwarranted inferences") (citations omitted); *see generally Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not . . . proper to assume [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged.").

To survive a motion to dismiss, plaintiffs' factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ."[16]  Plaintiffs are therefore required to provide the grounds of their entitlement to relief beyond mere labels and conclusions.[17]  Although heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible on its face" must be alleged.[18]  A claim has facial plausibility when a plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[19]  Once stated adequately, a claim may be supported by showing any set of facts consistent with the allegations in the complaint.[20]  Courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record when reviewing a motion to dismiss.[21]

In an action for declaratory judgment, the Declaratory Judgment Act creates a remedy by which federal courts "may declare the rights and other legal relations of any interested party seeking such declaration" when there is a "case of actual

---

[16] *Twombly*, 550 U.S. at 555 (citations omitted); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

[17] *See Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[18] *Twombly*, 550 U.S. at 570; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) ("In its general discussion, the Supreme Court explained that the concept of a 'showing' requires only notice of a claim and its grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'") (quoting *Twombly*, 550 U.S. at 555 n.3).

[19] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

[20] *Twombly*, 550 U.S. at 563 (citations omitted).

[21] *See, e.g.*, *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) (citations omitted).

4

controversy."[22]  "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[23]  The conflict between the parties must be ripe for judicial intervention; it cannot be "nebulous or contingent," but "must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."[24]

2. *Motion to Dismiss for Failure to Join a Party Under Rule 19*

FED. R. CIV. P. 12(b)(7) permits a party to move to dismiss a complaint for failure to join a party under Rule 19.  Initially, the court must determine whether the party in question is necessary for proper adjudication, and if so, whether it is feasible to join the party as a defendant.  According to Rule 19(a), a party is necessary and must be joined if:

   (1) in the [party]'s absence complete relief cannot be accorded among those already parties, or (2) the [party] claims an interest relating to the subject of the action and is so situated that the disposition of the action in the [party]'s absence may (I) as a practical matter impair or impede the [party]'s ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the [party] has not been so joined, the court shall order that the [party] be made a party.[25]

---

[22] 28 U.S.C. § 2201.

[23] *Wyatt v. Gov't. of the V.I.*, 385 F.3d 801, 806 (3d Cir. 2004) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

[24] *Public Serv. Comm'n. v. Wycoff Co.*, 344 U.S. 237, 244 (1952).

[25] FED. R. CIV. P. 19(a); *see Amgen, Inc. v. Ariad Pharmaceuticals, Inc.*, 513 F. Supp. 2d 34, 39 (D. Del. 2007).

If the court finds that a party is necessary, it "must determine whether the action can proceed in their absence, which requires an analysis of the four factors under Rule 19(b):"[26]

> If a [party] as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent [party] being thus regarded as indispensable. The factors to be considered by the court include:  first, to what extent a judgment rendered in the [party]'s absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the [party]'s absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.[27]

After considering the factors outlined in Rule 19(b), should the court find that the action cannot proceed in the absence of the necessary party, it is proper for the matter to be dismissed.[28]

### 3.  Motion for a More Definitive Statement

FED. R. CIV. P. 12(e) permits a defendant to move for a more definitive statement "[if] a pleading . . . is so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading."[29]  Furthermore, the "motion shall point out the defects complained of and the details desired."[30]  Typically, the court restricts the use of

---

[26] *Amgen*, 513 F. Supp. at 41.
[27] FED. R. CIV. P. 19(b); *see Erbamont, Inc. v. Cetus Corp.*, 720 F. Supp. 387, 393 (D. Del 1989).
[28] *Id.*
[29] *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006).
[30] *Id.*

6

this motion to pleadings suffering from "unintelligibility rather than the want of detail."[31]

In the rare instance where the motion is granted, the plaintiff is required to respond in

the appropriate amount of time proscribed by Rule 12(e).[32]

## B.  Analysis

*1.  Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted - Declaratory Judgment*

In order to proceed on a request for declaratory judgment, plaintiffs must show

that an actual controversy exists.[33]  The theory of the complaint for declaratory judgment

is that Horace Mann is responsible for their defense and indemnification, in the

underlying action, because they are covered under professional liability insurance

policies issued during the 1960's and 1970's.

As stated above, the purpose of a motion pursuant to Rule 12(b)(6) is to test the

sufficiency of the complaint[34] and to determine whether plaintiffs are entitled to offer

evidence in support of their claim.[35]  Plaintiffs' complaint, in part, avers the following:

> 6.  During the above time periods, Defendant, Horace Mann Insurance
> Company provided an insurance policy and coverage for DSEA and its
> members.  Pursuant to the terms of said policies, DSEA and Plaintiffs
> were insured under the policy.
>
> 7.  During the 1960's and 1970's, Defendant Horace Mann Insurance
> Company in consideration of premiums to be paid in full by DSEA and its
> members issued professional and liability policies and coverages for

---

[31] *U.S. v. Bd. of Harbor Comm'rs.*, 73 F.R.D. 460, 462 (D. Del. 1977).

[32] FED. R. CIV. P. 12(e).

[33] *Principal Life Ins. Co. v. Lawrence Rucker 2007 Ins. Co.*, 673 F. Supp. 2d 562, 565 (D. Del. 2009).

[34] *Kost*, 1 F.3d at 183.

[35] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420 (internal quotations and citations omitted); *see also Twombly*, 550 U.S. at 563 n.8.

DSEA and its members.

8.  Pursuant to the terms of the above said policies, Plaintiffs and DSEA
were insured's [sic] under the above policies.

* * *

12.  The complaints filed against the Plaintiffs are causes of action for
injuries and damages to former students as a result of alleged actions of
Plaintiffs while Plaintiffs were allegedly performing their duties as school
teachers with the Laurel School District, the Seaford School District and
Milford School District respectively.  The allegations made against
Plaintiffs are covered in the liability and professional policies issued by
Defendant.

* * *

17.  Pursuant to the insuring agreements of the above said policies,
Defendant is required to defend and indemnify for the claims asserted
against the Plaintiffs in the underlying actions set forth above.[36]

Plaintiffs maintain that certain professional insurance policies were in place

during their tenure as teachers that would provide a defense and indemnification from

Horace Mann.  Although these policies have not been provided to the court, the minutes

from several board meetings of DSEA are included as plaintiffs' exhibits in response to

the motion and indicate that decisions were made at these meetings with regard to

professional liability insurance policies issued by Horace Mann.[37]  For example, the

agenda for a Board of Director's meeting of the DSEA, dated January 17, 1961,

includes the following line item:  "5.  Horace Mann Group Occupational Liability policy -

No dividends this year and the bill is $605.00 although we appropriated $380 for 1960-

61."[38]  The minutes further reflect that the Board voted to pay the bill for that policy even

though the premium was higher than expected.  Horace Mann disputes the existence of

---

[36] D.I. 1 Ex. 3 at 1-3.
[37] D.I. 7 (referring to Ex. A-G in plaintiffs' answering brief).
[38] D.I. 7 Ex. A at 1.

8

the policies in question and has refused to defend plaintiffs in the underlying action.

In light of the *Twombly/Iqbal* paradigm, the plausibility requirement is satisfied if plaintiffs plead factual content sufficient for the court to draw the reasonable inference that Horace Mann is responsible for defending and indemnifying plaintiffs in the underlying action.[39]  While their complaint lacks details as to specific insurance policies, it is not so deficient to warrant dismissal of the action before the opportunity to discover those policies in question, and to confirm whether coverage is available.  As required, the court must draw all inferences in the light most favorable to plaintiffs, rejecting bald assertions and legal conclusions.  In this matter, the factual allegations set forth in the complaint minimally satisfy the plausibility standard, but do "raise a right to relief above the speculative level."[40]  The court finds plaintiffs have alleged sufficient facts, supported by information contained in the DSEA meeting minutes, to show an actual controversy exists to allow this declaratory judgment action to proceed.  For these reasons, Horace Mann's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is denied.

### 2. *Motion to Dismiss for Failure to Join a Party Under Rule 19*

In deciding Horace Mann's motion to dismiss for failure to join DSEA as a necessary party, the court follows the two part test pursuant to FED. R. CIV. P. 19:  first, whether a party is necessary for proper adjudication, and second, whether it is feasible to join that party as a defendant under Rule 19(a).[41]  If the court finds DSEA is a

---

[39] *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).
[40] *Twombly*, 550 U.S. at 555.
[41] *Amgen, Inc.*, 513 F. Supp. 2d at 39.

9

necessary party, it then must analyze the four factors under Rule 19(b) to determine whether the action can proceed in its absence.[42]  If the action cannot proceed in the absence of DSEA, the matter may be dismissed.[43]

Here, the court looks no further than Rule 19(a)(1).  DSEA is a necessary party, and should be joined only if in its absence, the court could not accord complete relief among existing parties.  The court finds that DSEA is not a necessary party for proper adjudication of this matter.  It is possible to accord complete relief between plaintiffs and Horace Mann by compelling any information required from DSEA through a subpoena or other compulsory processes.  Furthermore, DSEA has already displayed willing cooperation with plaintiffs, and counsel for DSEA has made it clear that "his office will make every effort to locate any additional information which will be helpful in this matter."[44]  Since the court finds that DSEA is not a necessary party to this action, there is no need to continue the joinder analysis under Rule 19(b).  For these reasons, Horace Mann's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(7) is denied.

3. *Motion for a More Definitive Statement*

FED. R. CIV. P. 12(e) permits Horace Mann to move for a more definitive statement "[if] a pleading . . . is so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading."[45]  The complaint identifies Horace Mann as the insurance company with whom plaintiffs (through DSEA) purportedly had business

---

[42] *Id.* at 41.
[43] FED. R. CIV. P. 19(b).
[44] D.I. 7 at 7 ("DSEA has voluntarily produced all the information" attached as exhibits A-G to plaintiffs' answering brief).
[45] *Thomas v. Independence Twp.*, 463 F.3d 285, 301 (3d Cir. 2006).

ties (as insureds with their insurer) during the pertinent time period,[46] and possibly as early as the mid-1950's.[47]  Horace Mann maintains it "cannot ascertain whether *any* insurance policy was in existence at the time of each of the alleged acts, let alone determine which policy defenses may exist to coverage."[48]  However, its opening brief includes an insurance policy for DSEA with an effective term from September 1977 to 1978[49] and further states that an internal investigation into whether there are additional earlier insurance policies is ongoing.[50]  Thus, the complaint was obviously sufficient enough for Horace Mann to understand the nature of the allegations and does not suffer from "unintelligibility."[51]  Rather, Horace Mann is in search of greater detail in the pleadings which is not the proper function of FED. R. CIV. P. 12(e).

Moreover, the information Horace Mann seeks does not render the complaint so vague and ambiguous as to require a more definitive statement because that information may be obtained through minimal discovery.[52]  Further, Horace Mann is best situated to locate the policies in question because there exists direct, internal access to the archives of the company.  For these reasons, Horace Mann's motion under FED. R.

---

[46] D.I. 1 Ex. 3 at 2.  *See also* D.I. 7 (referring to Ex. A-G in plaintiffs' response to the motion to dismiss).

[47] D.I. 7 Ex. D at 92 (The minutes of a Board of Director's Meeting of the DSEA dated September 23, 1965 reflect a long association with Horace Mann: "The Horace Mann Insurance Group has been a positive force in the life of the Delaware State Education Association since 1954 when the formal affiliation was consummated.").

[48] D.I. 5 at 5 (emphasis added).

[49] D.I. 5 Ex. 3 at 2 (establishing the existence of a business relationship in which Horace Mann has provided insurance coverage).

[50] D.I. 5 at 8.

[51] *U.S. v Bd. of Harbor Comm'rs.*, 73 F.R.D. 460, 462 (D. Del. 1977).

[52] *Manolovich v. Parks*, No. 02:08-cv-1746, 2009 WL 1444396 *4 (W.D. Pa. May 21, 2009) (citing *Steinberg v. Guardian Life Ins. Co.*, 486 F. Supp. 122, 123 (E.D. Pa. 1980).

CIV. P. 12(e) is denied.

## IV.  CONCLUSION/ORDER

For the reasons stated above,

IT IS ORDERED AND ADJUDGED that Horace Mann's motion to dismiss (D.I. 4) pursuant to FED. R. CIV. P. 12(b)(6) and 12(b)(7), and in the alternative under FED. R. CIV. P. 12(e) is DENIED.


Date:  September 17, 2010             _____/s/ Mary Pat Thynge_____
                                                      UNITED STATES MAGISTRATE JUDGE